MICKEY FINN CLOTHES, INC., Plaintiff, *v.* YALE TRANSPORT CORPORATION and SWITZERLAND GENERAL INSURANCE COMPANY, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, November 1, 1940.

*Norman S. Rein* [*Irving J. Mishkin* of counsel], for the plaintiff.

*Prince & Loeb* [*Sidney J. Loeb* of counsel], for the defendants.

GENUNG, J. The plaintiff's motion for summary judgment is granted and action is respectfully referred to the Presiding Justice for assignment to an official referee for assessment of damages.

This is an action to recover for the loss of a shipment of merchandise delivered by the plaintiff to the defendant Yale Transport Corporation, consigned to Gimbel Brothers, Philadelphia, Pa., for interstate shipment.

It is conceded that the defendant Yale Transport Corporation was engaged as an interstate common carrier, duly licensed to engage in such business by the Interstate Commerce Commission; that the defendant Yale Transport Corporation received the shipment and failed to deliver the same to the consignee; that the defendant Yale Transport Corporation issued its bill of lading for the receipt of said merchandise; that a claim for the aforementioned loss was duly filed in accordance with the terms of the bill of lading issued by the defendant.

It is also conceded that the defendant Switzerland General Insurance Company issued to the defendant Yale Transport Corporation a policy of insurance covering losses in the course of transportation. The defendant Switzerland General Insurance Company attached to said policy an indorsement known as BMC32 prescribed by the Interstate Commerce Commission. The policy and the indorsement were in full force and effect on the date of the delivery of the shipment by the plaintiff to the defendant Yale Transport Corporation.

Under the terms of the indorsement, the defendant Switzerland General Insurance Company waived any and all defenses by reason of provisions contained in the policy and also provided for compensation within specified limits by the Switzerland General Insurance Company to shippers or consignees for losses caused by the Yale Transport Corporation in connection with its transportation service.

Suit is brought against the defendant Yale Transport Corporation for the recovery of the aforementioned loss of merchandise under the bill of lading and against the Switzerland General Insurance Company upon the policy and the indorsement known as BMC32 attached to the policy.

The defendants contend that liability is limited to fifty cents per pound actual weight under the terms of a Released Rates Order No. MC144 granted by the Interstate Commerce Commission to the defendant Yale Transport Corporation on July 30, 1938.

This shipment being one in interstate commerce, the rights and liabilities of the parties depend on the Motor Carrier Act, 1935 (U. S. Code, tit. 49, § 301 *et seq.*).

Subdivision 11 of section 20 of the Interstate Commerce Act (U. S. Code, tit. 49, § 20, subd. 11) requires an interstate carrier to issue a receipt or bill of lading for merchandise received for inter-

state shipment and imposes upon such carrier liability for the full amount of the actual loss or damage to merchandise so received, notwithstanding any limitation of liability of loss contained therein.

Section 219 of the Motor Carrier Act, 1935 (U. S. Code, tit. 49, § 319) and subdivision 11 of section 20 of the Interstate Commerce Act (U. S. Code, tit. 49, § 20, subd. 11), as amended, authorize the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of shipments. Section 217 of the Motor Carrier Act (U. S. Code, tit. 49, § 317) requires the applicant motor carrier to file released rates with the Interstate Commerce Commission and print and keep open to the public inspection tariffs showing all rates, fares and charges.

Pursuant to these sections the Interstate Commerce Commission issued its Released Rates Order to the Yale Transport Corporation, permitting it to release valuations to values not exceeding fifty dollars for any shipment of one hundred pounds or less, or not exceeding fifty cents per pound actual weight for any shipment in excess of one hundred pounds at the base rate of ten cents for each one hundred dollars or fraction thereof in excess of the valuation to which the base rate applies.

The Released Rates Order No. MC144 granted on the petition of the Yale Transport Corporation, authorized it to release valuations limiting its liability on certain types of merchandise by " filing and posting in the manner required by section 217 of part II of the Interstate Commerce Act as amended," rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property.

There is no showing by proper evidence of compliance by the defendant with the requirements of the Released Rates Order No. MC144 of the Interstate Commerce Commission with regard to the filing and publication of rates and charges for the limitation of its liability.

The defendant has pleaded for a separate defense that the shipment was received subject to the classifications and tariffs on file with the Interstate Commerce Commission. The burden was on the defendant carrier to prove compliance with the Released Rates Order No. MC144 of the Interstate Commerce Commission and of section 217 of the Motor Carrier Act, 1935, if its intention was to charge the consignor with notice of the limited liability mentioned in the aforestated Released Rates Order granted by the Interstate Commerce Commission. The shipper was not charged with notice of the limitation contained in the Released Rates Order which was not posted and published as required by the Federal statute

The defendant having failed to show compliance with the conditions and provisions under which the limitation of liability became effective, it cannot avail itself of the limitation therein contained.

Even apart from the statutory requirements, a limitation of liability claimed by a carrier cannot be effective unless it is set forth in the bill of lading which constitutes the contract between the shipper and the carrier. The limitation of liability must be brought home to the attention of the shipper (*Springer* v. *Westcott,* 166 N. Y. 117; *Rawson* v. *Pennsylvania R. R. Co.* 48 id. 212; *Blossom* v. *Dodd,* 43 id. 264; *Zimmer* v. *New York Central & H. R. R. R. Co.,* 137 id. 460; *Grossman* v. *Dodd,* 63 Hun, 324; affd., 137 N. Y. 599), and a choice given to the shipper to contract with or without the limitation of liability in the movement of goods. (*Strauss & Co., Inc.,* v. *Canadian Pacific R. Co.,* 254 N. Y. 407; *Burke* v. *Union Pacific R. R. Co.* 226 id. 534; *Magid* v. *Compagnie Generale Transatlantique,* 233 App. Div. 515; affd., 259 N. Y. 529; *Kilthau* v. *International Mercantile Marine Co.,* 245 id. 361; *Aronstein* v. *New York Central R. R. Co.,* 132 Misc. 563; modfd. on other grounds, 136 id. 352.)

In these respects, the bill of lading issued by the defendant carrier to the consignor was not sufficient to secure for itself the limitation of liability claimed by it.

Under the indorsement attached to the policy, a direct right of action is given to the shipper against the insurance company. (*Zucker's Sons, Inc.,* v. *Automobile Ins. Co., Inc.,* App. Term, First Dept., Nov. Term, 1938.)

Order filed herewith.