# CARTER v. E. T. & W. N. C. TRANSP. CO., Inc.—243 S. W. (2d) 505.

Eastern Section. July 12, 1949.

Petition for Certiorari denied by Supreme Court, March 7, 1950.

198

Kilgo & Armstrong, of Greeneville, for appellant.

Cox, Taylor, Epps & Miller, of Johnson City, for appellee.

HALE, J. The E. T. & W. N. C. Transportation Co., Inc., brought this suit for the use and benefit of the American Mutual Liability Insurance Co., (its insurance carrier) against Wade H. Carter to recover certain damages it had been forced to pay because of the negligence of said Carter while a sub-contractor under the transportation company. Certain issues of fact were submitted to a jury and found in favor of the complainant. Motion for a new trial was made and overruled. Judgment was entered for the amount sued for, $17,000.00, plus interest

and costs accruing in the litigation hereafter mentioned, and for the cost of this cause. The present appeal has resulted.

The complainant is and has been for many years a common carrier of freight by motor truck in interstate commerce, duly qualified and operating under certificate issued by the Interstate Commerce Commission. Defendant Carter owned a tractor truck and trailer of the type used in this business. Being short of this type of equipment, the complainant entered into a contract with defendant whereby he leased this vehicle to complainant and agreed to operate it to transport freight to and from certain points on a trip calculated at 679 miles, he being paid upon a mileage basis. While so engaged under this contract and in the last leg of it returning to Johnson City, this truck was involved in a collision with an automobile owned and driven by W. B. Perry near Greeneville, Tenn. At this time, the truck in question was being operated by defendant's servant, Christian, in the course of his employment and upon the master's business. The verdict of the jury establishes that the collision was caused by the negligence of the driver of the truck and is not now questioned. The four occupants of the Perry car were very severely injured. Suits were brought by them against Christian, Carter, and the ET&WNC Trs. Co., Inc. for damages aggregating $102,000.00.

Complainant and its insurance carrier investigated this accident and concluded it presented a case of liability for damages in a large amount. Negotiations were then instituted by complainant for a compromise of these claims and ultimately resulted in a settlement of all claims for $17,000.00 which was found by the jury in this cause to be reasonable, plus court cost. Defendant Carter and

his insurance carrier, Virginia Surety Co., refused to acquiesce in such settlement, taking the position there was no liability on his part. In spite of his opposition, the cases were compromised and settled on this basis. As before indicated, this suit is brought to recover the amounts so paid with interest.

In the lease agreement it was stipulated that the lessor (Carter) ''will be liable for all personal injury or property damage, and shall carry all public liability and property damage insurance required by federal or state laws and regulations.'' It needs no argument to demonstrate that this provision was for the protection of the lessee.

In the first assignment it is asserted that the Chancellor erred in holding that both the defendant and complainant were liable to the occupants of the Perry car and that the complainant had the right to compromise and settle such claims even over the protest of the defendant. In support of this assignment it is urged there can be no contribution between joint tort-feasors. A broad statement to this effect is contained in Anderson v. Saylors, 40 Tenn. 551, wherein it was said: ''And it is equally clear, that the recovery against the defendants, being in damages, for a tort, no right of contribution could exist in either; whatever may have been the nature of the case, or the apparent right of the one, on principles of natural justice, to have such contribution, or to throw the entire satisfaction of the judgment on the other party.''

However, in the case of Cohen v. Noel, 165 Tenn. 600, 56 S. W. (2d) 744, 745, Green, C. J., there is recognized a limitation upon this rule, the court approving the following statement from Pomeroy's Equitable Remedies, viz., ''where several are jointly responsible for an act

not necessarily nor ordinarily unlawful, one who acted without moral guilt or wrongful intent in the commission of the act, and who has paid the damages caused thereby, may recover contribution from the other wrongdoers.''

In the case at bar, the complainant was engaged in a lawful business. The truck in question was being driven by an employee selected by the defendant, without complainant having control over the mode and manner in which he discharged his duties, other than the fixing of the route.

■ The complainant's liability would be of a constructive or derivative nature, thus falling within the exception or limitation set out in Cohen v. Noel, supra. That such liability existed cannot be questioned, inasmuch as defendant was carrying complainant's freight under its certificate as a common carrier. Hodges v. Johnson, D. C., 52 F. Supp. 488; U. S. v. Mut. Truck Co., 6 Cir., 141 F. (2d) 655; Venuto v. Robinson, 3 Cir., 118 F. (2d) 679; Kemp v. Creston Transfer Co., D. C., 70 F. Supp. 521.

■ Then the question, did it have the right to satisfy this liability over the protest of the defendant? In 18 C. J. S., Contribution, Sec. 4, p. 8, it is said: ''One who has satisfied the joint obligation is entitled to contribution, notwithstanding he paid through his insurance carrier.'' And, at page 9, ''It is not necessary that the payment should have been made at the request of the co-obligor, but it may even be made against his protest * * *''

The complainant's rights are based upon the law governing such situations, and, further, by the express contract of the parties hereinbefore quoted, by the terms of which the defendant was to ''be liable for all personal in-

juries or property damages'' caused by the operation of this particular truck.

■ In the Restatement of the Law ''Restitution'', beginning at page 331, it is said: ''Sec. 76. A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.''

And in the comment on this rule, it is said the payment ''may have been in response to suit, or without suit, or even against the wishes or directions of the principal obligor.'' In 13 Am. Jur., ''Contribution''. Sec. 54, pp. 50-51, it is said: ''As is true of co-obligors generally, a sufficient payment to create the right to contribution is conceded to exist if one of several joint tort-feasors pays more than his equitable share of the common liability. In conformity with the rule generally applicable where contribution is sought, the payment or discharge of the common liability must, to entitle a paying tort-feasor to contribution, be compulsory, but this means only that a legal obligation to pay must exist at the time. If a common liability in fact exists, payment is not voluntary, so as to bar contribution, merely because the joint tort-feasors have failed to agree as to its existence or amount or because those questions have not been judicially settled. Unless a statute requires it, one of several tort-feasors who have incurred a common liability need not wait until the injured person obtains a judgment against him or even until suit is brought, but he may, in good faith, enter into a compromise with the injured person and satisfy the entire liability on the basis of the amount so fixed, without assuming the character of a volunteer

or endangering his right to contribution. However, if the alleged cotort-feasor from whom contribution is sought is not a party to the compromise and settlement, he is not bound thereby. Such compromise and settlement will not deprive him of a trial by jury, either as to the fact of his own liability for the injury to the person wronged or as to the actual amount of the damages which arose from the tort, but if the payment was made in good faith, in pursuance of a compromise made honestly and in good faith, the amount thus paid will be regarded as prima facie correct.''

As has been noted, the defendant obtained a jury trial in the instant case upon the question of his negligence and upon the reasonableness of the amounts paid in compromise, thus fully protecting his rights.

■ The case of Builders & Mfrs. Mut. Cas. Co. v. Preferred Automobile Ins. Co., 6 Cir., 118 F. (2d) 118, relied upon by appellant, announces principles at variance with what we deem to be the law in effect in this jurisdiction, and further, is to be distinguished because there was no contract fixing the rights of the parties as in the instant case. This assignment is overruled.

■ The next assignment insists the contract or lease agreement in question was illegal and void as against public policy. The argument is that as the contract gives the complainant ''the exclusive use and control'' of this vehicle for the trip specified, and as it also provides the defendant ''will be liable for all personal injury or property damage'' occasioned thereby, it is contrary to public policy as (a) having the effect of granting a new certificate of convenience or necessity in violation of the rules of the Interstate Commerce Commission, and (b) evading the provisions of 49 U. S. C. A. Sec. 315,

requiring security for the public before the issuance of such certificate. We are unable to follow this argument. Complainant had the legal right under its certificate to transport freight, whether in vehicles owned or leased by it. The only control it had over the vehicle was to prescribe its route. The contract in question was to fix the rights *inter sese,* and in nowise could be deemed to limit the rights of third persons. Instead of being opposed to, it was in conformity with, the spirit of the Motor Carrier Act looking to the protection of the public. U. S. v. Mut. Trucking Co., supra. It seems to us to be a contract of such nature as would be entered into by any reasonably prudent person, and are unable to find the slightest taint of illegality. This assignment is overruled.

The third assignment asserts the Chancellor erred in holding the defendant to be primarily liable for the damages caused by the accident in question. This is necessarily disposed of by what has been said, and is overruled.

The next assignment asserts the complainant has no right to maintain this action for the use and benefit of its insurance carrier; that there was no privity of contract between the defendant and the insurance carrier. In short, that no right of subrogation existed. No authorities are cited to support this contention, which is in the very teeth of what we know is common usage. The contract between complainant and its insurer contained a subrogation clause. Even without such a contractual provision the insurer would have been subrogated to the rights of the insured. Kentucky Marine & F. Ins. Co. v. Western & A. R. Co., 67 Tenn. 268; Louisville & N. R. Co. v. Manchester Mills, 88 Tenn. 653, 14 S. W. 314; Deming v. Merchants, etc., Co., 90 Tenn. 306,

17 S. W. 89, 13 L. R. A. 518; Anderson v. Miller, 96 Tenn. 35, 33 S. W. 615, 31 L. R. A. 604; Poston v. Aetna Ins. Co., 29 Tenn. App. 115, 194 S. W. (2d) 248. This assignment is overruled.

 Finally, it is asserted the complainant is judicially estopped to assert the defendant was primarily liable for the damages caused by the occurrence in question. This is based upon the special pleas filed by it (in addition to a plea of not guilty) in the damage suit to the effect that it was not liable because the defendant Carter was a sub-contractor. This plea set out the contract existing between it and Carter and asserted it had no control over the methods and means by which the vehicle was operated, except for the result to be accomplished by the contract, namely, the hauling of freight, and concluded, "wherefore, this defendant says that the contract heretofore shown to the Court created the relationship of employer and independent contractor, * * * and that this was the only relationship existing between said parties at the time of said collision * * *". Does this constitute an estoppel? We do not think so. It sets out the relations of the parties. It draws the conclusion that Carter was an independent contractor, and from this the further conclusion that there would not be liability on its part. This plea is consistent with the position taken in this cause, altho not well taken as a defense to the actions brought by the plaintiffs therein. Further, even if otherwise subject to criticism, it was not sworn to, and would come within the rule announced in McLemore v. Charleston & Memphis Railroad, 111 Tenn. 639, 69 S. W. 338, 344: "We do not think that the unsworn pleadings in this record come within the rule of law, which is intended to suppress fraud and to prohibit the deliberate shifting of position to suit the exigencies of

each particular case that may arise concerning the subject-matter in controversy.''

This assignment is overruled. The judgment below is affirmed with interest and cost.

McAmis and Howard, JJ., concur.