CHAPIN OWEN COMPANY, INC., Plaintiff, *v.* STANLEY T. NEWMAN, Defendant and Third-Party Plaintiff. LOUIS A. GARDNER et al., Third-Party Defendants.

Supreme Court, Special Term, Monroe County, November 2, 1951.

*William H. Morris* for Travelers Fire Insurance Company, third-party defendant.

*J. Paul Brennan* for Louis A. Gardner, third-party defendant.

*Reed & Reed* for defendant and third-party plaintiff.

ROBERTS, J. The action was brought by the plaintiff, a shipper, to recover the sum of $765.56, being the value of certain merchandise delivered to the defendant carrier which the carrier failed to deliver to the consignee and which it is alleged was converted by the carrier.

The defendant carrier then served a summons and complaint as a third-party plaintiff on the two third-party defendants. The third-party complaint sets forth two causes of action against the third-party defendant, Louis A. Gardner, and a third cause of action against the third-party defendant, The Travelers Fire Insurance Company. The first cause of action pleads the bringing of the action by the plaintiff and alleges that any judgment

to which the defendant may be subjected by reason thereof was caused by a fire resulting from the negligence of the third-party defendant Gardner. The second cause of action alleges that by reason of the negligence of the third-party defendant Gardner in starting said fire, damages were caused to the property of the defendant and to property of various shippers in the possession of the defendant in the aggregate sum of $23,693.04. In the third cause of action against the third-party defendant, The Travelers Fire Insurance Company, the defendant and third-party plaintiff alleges that said third-party defendant had issued to the third-party plaintiff a certain policy of insurance which covered the loss for which the plaintiff sues in the original complaint. In the third-party complaint judgment is demanded against both third-party defendants for the sum of $765.56, with interest, and against one of the third-party defendants without specifying which, for the sum of $23,693.04, with interest. It is assumed that the latter demand is intended to be made against only the third-party defendant, Louis A. Gardner.

Consideration will first be given to the motion of the third-party defendant, The Travelers Fire Insurance Company. This motion is under rule 113 of the Rules of Civil Practice for summary judgment.

An affidavit is submitted on this motion on behalf of the third-party defendant, The Travelers Fire Insurance Company, setting forth that at the time of the plaintiff's loss the defendant and third-party plaintiff was insured by a cargo policy issued by said defendant which insured him against liability as a carrier for various perils, including fire. This policy contained an exclusion to the effect that it did not insure any liability of the assured while the property is located in or on the premises owned, leased or occupied by the assured or in any garage or other buildings where the vehicles described are usually kept.

The third-party plaintiff alleges in the third-party complaint that he was the owner of land and buildings in the town of Cohocton; that he maintained and operated a trucking terminal in one of the buildings on said property; that on November 28, 1950, his vehicles were stored in said terminal building; that all of the goods shipped by the plaintiff were loaded on the vehicles at said time and place, and that at said time and place the terminal building caught fire and the fire completely destroyed the vehicles and cargoes. It is claimed, therefore, that the loss having occurred on the premises owned and occupied by the assured, it comes within the express exclusion of

the policy and that third-party defendant is entitled to summary judgment.

Attached to the policy in question was an indorsement, form B. M. C. 32 issued in compliance with section 315 of title 49 of the United States Code and section 63-r of the New York Public Service Law. The pertinent portion of the sections of the Federal and State statutes is in almost identical language and provides as follows: " The commission may, in its discretion and under such rules and regulations as it shall prescribe, require any such common carrier to file surety bonds, policies of insurance, qualifications as a self-insurer, or other securities or agreements in a sum to be determined by the commission, to be conditioned upon such carrier making compensation to shippers and/or consignees for all property belonging to shippers and/or consignees, and coming into the possession of such carrier in connection with its transportation service."

The indorsement attached to the policy recites that the policy is amended to assure compliance by the insured with the Interstate Commerce Act with reference to making compensation to shippers and consignees and further provides: " In consideration of the premium stated in the policy to which this endorsement is attached, the Company hereby agrees to pay, within the limits of liability hereinafter provided, any shipper or consignee for all loss of or damage to all property belonging to such shipper or consignee, and coming into the possession of the insured in connection with its transportation service, for which loss or damage the insured may be held legally liable ". The indorsement does not contain the exception found in the policy itself excluding liability where the property destroyed is in or on the premises of the assured.

The indorsement and the policy must be read together and the policy remains in full force and effect excepting as it may be altered by the words of the indorsement. (*Birnbaum* v. *Jamestown Mut. Ins. Co.*, 298 N. Y. 305, 310.)

The effect of the indorsement is to make the shipper or consignee a third-party beneficiary to the insurance contract and, hence, the plaintiff in this action being the shipper, could have brought an action directly against the insurance company upon the policy. (*Atkin Co.* v. *National Liberty Ins. Co.*, 168 Misc. 334; *Mickey Finn Clothes* v. *Yale Transp. Corp.*, 175 Misc. 242; *Zucker's Sons, Inc.* v. *Automobile Ins. Co. of Hartford, Conn.*, 23 N. Y. S. 2d 83.)

The indorsement is not in any way inconsistent with the policy provisions. The indorsement determines the rights as

between a shipper or consignee and the insurance company where an action is brought directly by such shipper or consignee against the company. The policy however determines the rights as between the company and its assured, the carrier, and such policy provisions are not modified or altered by the indorsement. (*Cicero Constr. Corp.* v. *United States Fire Ins. Co. of New York,* 41 N. Y. S. 2d 719.)

Even though the plaintiff here should recover a judgment against the defendant and the defendant should pay such judgment, it would not thereby become subrogated to the plaintiff's right of action against the insurance company under the terms of the indorsement. Section 315 of title 49 of the United States Code and section 63-r of the Public Service Law both provide that where a carrier is required to compensate a shipper for loss for which a connecting carrier is legally liable, the carrier shall be subrogated to the rights of the shipper under the policy of insurance. The plaintiff's loss here is not one for which a connecting carrier is liable and had it been the intention to provide a similar right of subrogation in a situation such as here presented, provision therefor would have been made in the Federal and State statutes. It follows, therefore, that the claim of the third-party plaintiff against the third-party defendant, The Travelers Fire Insurance Company, must be determined by the provisions of the policy itself and not by the indorsement. This claim relates to a loss specifically excluded from coverage by the terms of the policy and, hence, this third-party defendant is entitled to summary judgment.

The third-party defendant, Louis A. Gardner, moves for a dismissal of the third-party complaint as against him because of legal insufficiency and also moves for a discretionary dismissal under subdivision 4 of section 193-a of the Civil Practice Act. The first cause of action asserted against this third-party defendant is for negligence in starting the fire which destroyed the goods of the plaintiff and the second cause of action is to recover for damages to the property of the third-party plaintiff and to the property of various shippers in his possession arising out of such negligence.

This second cause of action being one for general damages suffered by the third-party plaintiff has no relation to the claim of the plaintiff and is not a proper claim to be asserted in a third-party complaint under section 193-a of the Civil Practice Act.

The first cause of action does in a manner relate to the plaintiff's claim because it is for the negligent destruction of the

goods for which the plaintiff sues. If the negligence cause of action between the third-party plaintiff and the third-party defendant Gardner is litigated in this lawsuit, it would probably be *res judicata* between these parties as to the liability of the third-party defendant for all damages suffered by the third-party plaintiff in the fire. The determination of the issues on the question of negligence would therefore be of very substantial importance to the parties litigating such issue and would tend to prolong and complicate the trial which would necessarily embarrass the plaintiff in the determination of its cause of action and put it to expense in participating in the trial of involved issues in which it is not itself concerned. It further appears that the third-party plaintiff and third-party defendant Gardner are residents of Steuben County and that the fire occurred in Steuben County and the issues involved in the negligence claim should properly be tried in that county whereas the venue of the present action is laid in Monroe County. For the foregoing reasons, the third-party complaint should be dismissed as against the third-party defendant, Louis A. Gardner, without prejudice to the bringing of a separate action by the third-party plaintiff.

Motion of third-party defendant, The Travelers Fire Insurance Company, for summary judgment is granted. Motion of third-party defendant, Louis A. Gardner, to dismiss third-party complaint as against him is granted without prejudice.