WAYNE MINK et al., Plaintiff-in-Error, v. RICHARD P. MAJORS, Defendant-in-Error.—279 S. W. (2d) 714.

Western Section at Jackson. December 2, 1953.

Petition for Certiorari denied by Supreme Court, August 17, 1954.

52

George P. Douglass, of Memphis, for plaintiff in error.

William O'Hearn and Hunter Cochran, both of Memphis, and Harsh, Pierce, Cochran, Rickey & Cary, and Pharr, Fuqua & O'Hearn, all of Memphis, for defendant in error.

SWEPSTON, P. J. The two principal questions on this appeal in error are (1) the effect of a covenant not to sue taken by two of three joint tort-feasors on the amount of recovery against a third, and (2) the proper measure of damages to real property on which a ditch was unduly enlarged.

The plaintiff owns a house and lot where he makes his home. His deed contains a reservation of an easement for an open ditch "along the easterly line" of said lot. He sued defendants in trespass for entering upon his land without permission and against his protest for damages caused by their greatly enlarging said ditch as a result of which his property is divided by same and the use of the part on the east side of the ditch damaged or destroyed. He alleged that "Chandler Construction Company, Inc. at the employment and insistence of and aided and abetted by the defendant Wayne Mink (d.b.a.) Superior Construction Company and V and M Houses, Inc., who supervised the work, retaining at all times elements

of control of the activities of the undertaking'', committed the trespass and resultant damage.

Defendants plead the general issue and specially upon being so required and plaintiff filed his replications. When the cause came on for trial to a jury, plaintiff took a voluntary non-suit as to all defendants except Chandler, who then filed an amended plea alleging plaintiff had accepted from the other joint defendants $1,500 and executed and delivered to them a written covenant not to sue in which he agreed not to prosecute this suit against them and to hold them harmless from all claims of liability for construction, digging and cleaning out said ditch. Chandler further pleads that said other defendants were the principal contractors and Chandler was only their subcontractor and agent and they supervised and retained control over his manner of doing the work and that Chandler did the work in accordance with the plans and specifications prepared by them and approved by the City of Memphis and was guilty of no negligence on his part and that those defendants were obligated to protect Chandler from liability for the trespass because of their failure to obtain permission, which Chandler impliedly assumed they had obtained, to enter on said land; and for these reasons plaintiff's acceptance of said sum and delivery of the covenant not to sue inures to Chandler's benefit and releases and acquits Chandler from any liability and entitles him to a dismissal of the suit with costs.

Plaintiff filed no replication nor demurrer to this last plea.

On the trial of the cause the Court refused to let Chandler read this last plea to the jury. This is the basis of its assignments of error Nos. 2 and 3.

 This was not error. ''A mere covenant not to sue one of two or more joint wrongdoers does not operate to

extinguish the plaintiff's right of action against the others and cannot be pleaded in bar by them; nor can the sum received by the plaintiff under it be shown by the defendant in mitigation of damages''.

Caruthers History of a Lawsuit (7th ed. Gilbreath) 307 sec. 266 and note 65 citing many of our cases.

In charge to the jury the Court instructed them that the measure of damages was the difference in market value of the property before and after the allged damage, if they found in favor of plaintiff. Chandler offered special request No. 2, as follows:

''Gentlemen of the jury, you are further charged that in event you should find that the plaintiff is entitled to recover of the defendant Chandler Construction Company any damages to his property as a result of the acts of the Defendant Chandler Construction Company, Inc. going upon his property and performing any work thereon, then I charge you that the measure of such damages would be as follows, viz.:

''The difference between the value of the premises immediately prior to the injury and the value immediately after the injury, in other words, the depreciation in value resulting from the injury inflicted by the defendant, provided, the costs of restoring was more than the depreciation in value; but if the reasonable cost of repairing the injury was less than the depreciation in value, then the costs of repair would be the lawful measure of damages''.

The Court refused this special request and this is the basis of assignment No. 4. We think this was error. There was evidence that the ditch could have been filled back to its former dimensions at a very nominal cost of about $100.00. The instruction states correctly the law in Tennessee as to reparable or temporary damages. Doss

v. Billington, 98 Tenn. 375, 39 S. W. 717 (case of wrong-fully cutting ditches on the land of another) Aycock v. Nashville, C. & St. Ry. Co., 4 Tenn. App. 655; Southern Ry. Co. v. Black Diamond Collieries, Inc., 9 Tenn. App. 225; 25 C. J. S., Damages, Section 84, P. 604.

There was no claim in the instant case that the soil hauled away had any special value.

This assignment is sustained.

The jury found under the above instruction as to the measure of damages the difference in market value was $2,000 and so rendered their verdict. The Court then credited Chandler with the $1,500 plaintiff had received from the other defendants under the covenant not to sue. His view is best expressed in part of his opinion:

"The Court is of the opinion that acceptance of the $1500.00 by plaintiff under the covenant not to sue is not a complete bar as to his recovery against Chandler Construction Company, but that the $1500.00 should be credited against the verdict of $2,000.00.

"The Court is of the opinion that this case can be distinguished from that line of cases involving a covenant not to sue with one of two or more joint tort-feasors, wherein the Courts, prior to the rule of contribution, have refused to allow one joint tort-feasor to take credit for payment under a covenant to sue.

"In the opinion of the Court, the defendants in the case at bar do not fall strictly within the category of joint tort-feasors. Chandler Construction Company was sued for having actually committed the trespass, acting as agent for the other two, and liability against the other two defendants as predicated on the Doctrine of Respondeat Superior; and in view of the adoption of the Doctrine of Contributions by our Courts in Cohen v. Noel, 165 Tenn.

600, 56 S. W. (2d) 744, Davis v. Broad Street Garage, and Carter v. E. T. & W. N. C. Transport Co., 35 Tenn. App. 196, 243 S. W· (2d) 505, the Court is of the opinion that Chandler Construction Company should be given credit for the $1500.00 payment under the covenant not to sue.

"To allow the plaintiff to retain the $1500.00 and recover $2,000.00 in addition, would virtually amount to a double recovery, which manifestly would be unjust in the opinion of this Court. $2,000.00 was the outside figure, given by only one witness, as damages to the plaintiff's property.

"The Court will, therefore, order a remittitur of $1500.00, and for the benefit of the higher tribunal, if the trial Court is in error, as a matter of law, in directing that this verdict of $2,000.00 be credited with the $1500.00, the trial Court would approve the jury verdict in all other respects, including the amount of the jury verdict".

Chandler by its fifth assignment, while approving the action of the Court in crediting it with the $1,500, on its theory that as agent it is entitled to indemnity by its principals for the latter's failure to obtain permission to enter on plaintiff's property, yet complains of a judgment in any sum against it, on the theory that the covenant not to sue its principals was a bar to a judgment against it.

We do not see how in the light of what we said above under assignments 2 and 3 the covenant not to sue could be a bar to an action and judgment against Chandler. It is settled that such a covenant is not a release of the cause of action against the covenantees. The furthest any of our cases have gone is to allow the covenantee, if later sued, to plead the covenant as a set-off or recoupment of damages for the breach of same. A covenant not to sue

is a fictional device to enable a joint tort-feasor to buy his peace and for that reason, when he has done so and another joint tort-feasor has not, the latter under our law is not entitled to peace. That is, the cause of action survives as to all joint tort-feasors and it seems sound to say that Chandler, not being a party to the covenant not to sue, could not plead it as a set-off or recoupment.

▇ If Chandler desires to claim either contribution or indemnity, it would have to file a suit against the other joint tort-feasors for that purpose, because after the nonsuit as to them they were no longer parties and hence no judgment of any kind other than for costs to date of nonsuit could be rendered against them.

For these reasons the cases relied on by Chandler are inappropriate; they were all plenary suits. See Cohen v. Noel, 165 Tenn. 600, 56 S. W. (2d) 744 (action at law for indemnity) Davis v. Broadstreet Garage, 191 Tenn. 320, 232 S. W. (2d) 355 (bill for contribution); Carter v. E. T. & W. N. C. Trans. Co., 35 Tenn. App. 196, 243 S. W. (2d) 505 (bill for indemnity).

This assignment is overruled.

This disposes of all determinative assignments of Chandler.

▇ Plaintiff assigns error to the action of the Court in granting a remittitur of $1,500 on the theory of contribution. For the reasons above stated this assignment is sustained.

The judgment is reversed and remanded for a new trial. Costs of appeal will be equally divided between the parties.

Avery and Carney, JJ., concur.

Judge Swepston having been heretofore advanced to the Supreme Court of Tennessee, this Opinion is pub-

lished at the suggestion of Avery, the present Presiding Judge, and Carney, Judge, who were the Associates of Judge Swepston at the time the Opinion was prepared and filed.