219 F.2d 919
 VIRGINIA SURETY COMPANY, Appellant,
v.
E. T. & W. N. C. TRANSPORTATION COMPANY, in its own right and for the use and benefit of the American Mutual Liability Insurance Company, Appellee.
 No. 12214.
 United States Court of Appeals, Sixth Circuit.
 February 15, 1955.
 
 John A. Armstrong, Greeneville, Tenn., William H. Fry, Cincinnati, Ohio, for appellant.
 Cox, Epps, Miller & Weller, Johnson City, Tenn., argued by Wm. E. Miller, Johnson City, Tenn., for appellee.
 Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellee, E. T. & W. N. C. Transportation Company, brought this action in the United States District Court for the use and benefit of its liability insurer, American Mutual Liability Insurance Company; and, by judgment of the trial court, recovered in principal, interest and costs the aggregate sum of $24,122.28 against appellant, Virginia Surety Company. Appellee's insurer had paid more than $19,000 in settlement of personal injury claims against Wade H. Carter, whose public liability for the operation of his truck which occasioned the personal injuries for which the settlements had been made was covered by the appellant, Virginia Surety Company. Interest on the amounts paid out on the settlements aggregated nearly $5,000, and costs adjudged in the state court made up the balance of the first-stated sum.
 
 
 2
 The appellee transportation company had recovered for the use and benefit of its insurer a judgment against Carter in a Chancery Court of Tennessee, which judgment became final on appeal. Carter v. E. T. & W. N. C. Transportation Company, 35 Tenn.App. 196, 243 S.W.2d 505, certiorari denied by the Supreme Court of Tennessee March 7, 1950. Execution on this judgment against Carter was returned nulla bona.
 
 
 3
 Ultimate liability for injuries occasioned by the accident for which settlements were made by the American Mutual Liability Insurance Company, which had, without success, called on appellant to contribute to and participate in the settlements, requires consideration of the arrangements made by the transportation company for Carter to use his truck and trailer in hauling for it miscellaneous freight for which the transportation company's regular facilities were not available. Carter's truck which caused the damage was being operated, at the time of the accident, by his employee, Christian, shortly after Carter — who had traveled with the truck most of the trip — had left it. As found by the district judge, the operation of the truck was clearly under the control of Carter and his employee.
 
 
 4
 Appellant stresses a "lease" agreement between Carter and the transportation company covering the truck belonging to Carter and involved in the accident. In this agreement, the salient features were that Carter had contracted that he would pay all taxes for the use of the highway and would furnish all fuel, oil and labor necessary for the operation of the vehicle; that he would be liable for all personal injuries or property damage; and that he would carry all public liability and property damage insurance required by federal or state laws and regulations.
 
 
 5
 The district judge held that to call such agreement between Carter and the transportation company a "lease" was obviously a misnomer, and that the language in the agreement did not describe correctly the actual operating agreement between the parties. He found that the only connection the transportation company had with the trip on which the accident occurred was the payment to Carter of a fixed mileage sum for transporting its freight. In his well reasoned opinion entering judgment, District Judge Darr adequately and logically stated his grounds therefor. Also, in his opinion denying the motion of appellant to set aside the judgment, the court gave sound reasons for the denial, D.C., 129 F.Supp. 305. We see no necessity for re-writing in our own words the district court's opinions, with which we are in accord.
 
 
 6
 The judgment is affirmed; and it is so ordered.