Henry A. Hudson, J.
This motion is made by the third-party defendant, Western Foundation Corporation, to dismiss the third-party complaint served upon it by the defendant, Edgarton and Edgarton. The motion is made under rule 106 of the Rules of Civil Practice upon the sole ground that the third-party complaint on its face fails to state facts sufficient to constitute a cause of action. Upon such a motion, all of the allegations of the third-party complaint must be assumed to be true for the purposes of the motion. Of course, allegations which are immaterial or irrelevant, for the purpose of proving the cause of action and all allegations which are conclusions of law or of fact can be disregarded.
The third-party defendant, Western Foundation Corporation, in its brief has elected to rely upon the assumption that the third-party plaintiff is attempting to set up a cause of action based upon negligent misrepresentation and has exhaustively briefed the law on this subject urging that the third-party complaint should be dismissed because it does not set forth a proper cause *121 of action for negligent misrepresentation. The third-party plaintiff would seem to go along with this theory as its brief is dedicated to establishing the fact that the complaint does set forth a good cause of action for negligent misrepresentation.
An examination of the third-party complaint will, I believe, reveal that the third-party plaintiff has attempted to set up in one cause of action, allegations which might well be intended to support several causes of action. A great many of the allegations are eonclusory in nature and would appear to be completely immaterial and irrelevant if addressed to one or more of the theories which are attempted to be asserted. No facts are alleged from which the nature of the cause of action relied upon can be ascertained or from which the court could determine the theory upon which the third-party plaintiff is actually proceeding.
By reference to the contract and other exhibits, which are annexed to the complaint in the action, all of which are made a part of the third-party complaint by reference, and by an examination of the statements in the brief of the third-party plaintiff as to the relationship of the parties, it is possible to reconstruct the part each played in the complete transaction covered by the two causes of action set out in the third-party complaint.
In order to determine the motion it is first necessary to understand this relationship. The plaintiff, Ammann and Whitney, is a firm of consulting engineers of New York City. They were engaged by the defendant, Edgarton and Edgarton, a firm of architects and engineers, who were engaged as general architects, in preparing the plans and specifications for the construction of the Syracuse War Memorial Building in the city of Syracuse, New York. The plaintiff, as consulting engineers, was engaged by the defendant under written contract to design and supervise the structural items of the building. The written contract provided for payment of compensation including compensation for extra work which might be necessary. The plaintiff’s complaint sets forth four causes of action; the first to recover a balance of $7,075.99 due for work on the original plans; the second to recover the sum of $10,900 due for extra work alleged to have been done in revising the plans in 1949; the third to recover the sum of $3,592.96 for extra work in revising the plans in 1950; and the fourth to recover for all of such services on a quantum meruit basis. The owner of the Syracuse War Memorial Building, by which the defendant was employed, was the County of Onondaga. The original complaint and the contract between the plaintiff and defendant are made a part of the third-party complaint by paragraph <£ 7 ” thereof and the *122 original complaint includes by reference, the contract between the plaintiff and defendant and also certain correspondence between them, which is annexed thereto. From the original complaint, paragraph “ 10 ”, it would appear that in July, 1949, the County of Onondaga received and opened bids for the construction of the War Memorial Building in accordance with the plans prepared by the plaintiff and defendant. It is impossible to ascertain from anything contained in the pleadings whether a contract was let as a result. The inference must be drawn that it was not as changes were made in which the plaintiff and the defendant participated, at the instance of the defendant, and it appears that in September, 1949 bids were again received, opened and accepted for the construction of the War Memorial Building. There is nothing in the pleadings to indicate who the contractor or subcontractors were but it is set out in the brief of the defendant, third-party plaintiff, that the general contractor was one W. E. 0 ’Neil Construction Co. and that the third-party defendant, Western Foundation Corporation, was a subcontractor. These statements in the brief of the third-party plaintiff cannot serve to supply deficiencies in the third-party complaint but at least they clarify the relationship of the various parties. It is clear that there is no contractual relationship between the plaintiff or defendant and the Western Foundation Corporation by reason of the respective parts played by them in the construction of the War Memorial Building. There are no allegations in the third-party complaint of any contractual liability or relationship, or of any facts the proof of which would establish by inference that the Western Foundation Corporation was under any obligation or responsibility to furnish the plaintiff or the defendant any advice or information relative to the preparation of the plans and specifications for the War Memorial Building.
It is next necessary to consider the effect of the allegations of the third-party plaintiff in the first cause of action set forth in the third-party complaint. As pointed out, there is but one cause of action asserted against the Western Foundation Corporation. Included therein are allegations of warranties and guarantees, of false and untrue statements, of negligent claims and imprudent acts, all of which are asserted to have been done for the purpose of inducing the defendant, third-party plaintiff, to change the plans and specifications for the War Memorial Building. In the first place, in the absence of any allegation of any contractual or other legal relationship between the third-party plaintiff and defendant, these allegations would appear to me to be completely immaterial and irrelevant. . The allegations *123 are clearly insufficient to set forth any cause of action for breach of warranty or fraud. The allegations are so conclusory and general in nature and so lacking in facts that they do not, in my opinion, justify any inference or assumption that the defendant, third-party plaintiff, was justified in relying in any manner whatsoever upon any of the alleged representations, if in fact, such representations were made. In addition to this the allegations of the first cause of action included in many of the same paragraphs, the conclusion not only that the third-party defendant, Western Foundation Corporation was negligent in representing the adequacy and economy of the compressed concrete piles but also that they were negligent in failing to properly install the compressed concrete piles. Clearly the plaintiff and defendant could not be damaged in any manner by the Western Foundation Corporation’s negligent acts in completing its work as a subcontractor. Nowhere in the third-party complaint does it even appear that Western Foundation Corporation was a subcontractor. Examination of the third-party plaintiff’s brief is necessary to ascertain this fact. Finally, in many of the paragraphs of the third-party complaint it is alleged that not only was the Western Foundation Corporation responsible to the third-party plaintiff due to its warranties, guarantees and negligent misrepresentations but also that it was likewise and at the same time liable therefor to the plaintiff. It would seem that there are included in the first cause of action set forth in the third-party complaint against the Western Foundation Corporation at least five separate and distinct theories of recovery. Obviously the first cause of action in the third-party complaint would be subject to a motion to make the same more definite and certain and to number or separately designate such different causes of action as claimed by the third-party plaintiff. This was not done. Instead a motion under rule 106 was made and the question of the sufficiency of the first cause of action of the third-party complaint, as setting forth a cause of action for negligent misrepresentation was relied upon. In view of the fact that the allegations of the third-party complaint are in so many particulars immaterial and irrelevant, so conclusory in nature and indefinite as to purpose, I do not consider it possible for the court to rule intelligently upon its sufficiency and, therefore, I do not pass upon the question of its sufficiency to raise an issue of negligent misrepresentation. I rather hold that the first cause of action alleged in the third-party complaint does not set forth a good and sufficient cause of action upon any ground. The court has been required to devote considerable research to the questions involved on this motion for the reason *124 that under rule 106 the third-party plaintiff is entitled to have every reasonable inference adopted in favor of the sufficiency of such complaint and for the purposes of such a motion all of the proper allegations of the complaint must be deemed true.
There are, I believe, several other circumstances raised by the service of the third-party complaint, which should be commented upon. In addition to the first cause of action set out against the Western Foundation Corporation, there is also set out a second cause of action against the County of Onondaga. It would appear from the statements and briefs of counsel that any contractual relationship of the defendant, Edgarton and Edgarton, in reference to the construction of the War Memorial Building was with the County of Onondaga. The general contractor is employed by and received his compensation from the owner. The court will take judicial notice that the architect’s compensation would be covered by his contract with the owner and under the circumstances presented in the briefs of the parties as to any added compensation due the architect defendant as a result of any changes in the plans and specifications, that compensation would be due from the owner, County of Onondaga. The architect defendant would seem to rely upon this theory by reason of asserting the second cause of action in his third-party complaint against the County of Onondaga. The right of the third-party plaintiff to recover under the first and second causes of action are completely inconsistent and would continue to be inconsistent were the third-party plaintiff to allege a cause of action based upon negligent misrepresentation.
Finally, the pleading under consideration is a third-party pleading. It is provided for under section 193-a of the Civil Practice Act. The purpose of section 193-a has been clearly stated to be to eliminate multiplicity of suits and to permit the disposition of all claims arising between all persons emanating from one transaction, which are related one to the other, but only upon the condition that justice and convenience shall not be sacrificed by doing so. To justify the use of the third-party practice, the relationship to the controversy must be direct and involve questions common to both controversies so that there will be a clarification and avoidance of multiple actions and not confusion and complication. (Franklin E. Tyrell, Inc. v. Vahlsing, 193 Misc. 454, 459; Napack v. Grubman, 190 Misc. 718; Chapin Owen Co. v. Newman, 201 Misc. 1072.)
Under subdivision 4 of section 193-a the court is given substantial discretion in connection with third-party complaints to order a separate trial of the third-party claim or of any separate issue thereof or to make such other orders concerning the *125 proceedings as may be necessary to further justice or convenience. In exercising this discretion the court is authorized to take into consideration whether a trial of the controversy between the third-party plaintiff and defendant would unduly delay the determination of the main action or prejudice any party thereunder. The original action between Ammann and Whitney and Edgarton and Edgarton is a simple contract action to recover for services alleged to have been rendered. It is triable by a jury. There would not appear to be a single common issue that could be tried out together under either cause of action set forth in the third-party complaint even assuming the first cause of action were redrawn to set forth a good cause of action for negligent misrepresentation. It would also seem evident that a jury would be greatly confused and the work of the trial court would be substantially complicated by an attempt to try the issues raised in the original action and those raised in such a third-party complaint. This court would feel compelled, if acting as a trial court, to direct a severance of such actions and their separate trial.
The first cause of action of the third-party complaint is dismissed, with $10 costs, without prejudice to the right of the defendant, third-party plaintiff, to serve an amended third-party complaint setting forth facts establishing such cause of action as it may have against the third-party defendant, Western Foundation Corporation, within 10 days from the date of the service upon it of a copy of the order granting this motion.