Patrick J. Picariello, J.
Action instituted by plaintiff bank to recover for an erroneous payment made to the defendant bank on a promissory note delivered to it for collection. The defendant bank has cross-complained against the payee (third-party defendant) of the subject note.
Briefly, the decisive facts as the testimony revealed during the trial are as follows:
A series of four promissory notes payable to the third-party defendant were discounted by the defendant bank and the proceeds credited to said third-party defendant’s account maintained at the defendant bank. The said notes were made payable at plaintiff bank, where the maker maintained an account. The first of said series of promissory notes, payable on January 8, 1963, was presented for collection by defendant bank to plaintiff bank; the note was paid and the maker’s account in plaintiff bank was accordingly debited. The second note, payable on February 8, 1963, was presented for collection by defendant bank to plaintiff’s bank on its maturity date and ivas duly returned to defendant bank because of maker’s “insufficient funds ’ ’. The third note, payable on March 8, 1963, was presented for collection by defendant bank to plaintiff’s bank on its maturity date and was duly returned to defendant bank because of maker’s “ account closed ” on March 6, 1963. On March 12, 1963, the maker of the note executed an assignment for the benefit of its creditors.
The fourth and subject note of said series, payable on April 8, 1963, was presented for collection by defendant bank to plaintiff bank on its maturity date; it was paid to defendant bank by mistake by debiting the account of a third party whose name was somewhat similar to that of the maker of the note. Plaintiff bank discovered its error and notified defendant bank by letter dated April 15, 1963. Defendant bank accordingly notified the third-party defendant, but the latter refused to redeem the subject note, by not permitting defendant bank to debit its account accordingly. Plaintiff bank instituted this proceeding to recover this payment. Defendant bank as third-party plaintiff has cross-complained against the payee, third-party defend *74 ant, as indorser and discounter of the subject note and seeks judgment over and against the payee for any sum which it may be required to-pay plaintiff bank.
Defendant bank was, under the circumstances of this case, a holder in due course, and payment made to it by plaintiff bank .ended the transaction. It now disclaims liability because it contends plaintiff bank did not act with due diligence after payment of the subject note.
Ordinarily due diligence, or whether ‘ ‘ reasonable time ’ ’ has elapsed, is a question for the court to find from the facts elicited. The court finds in this case that plaintiff bank did notify defendant bank with reasonable dispatch after discovery of its error in payment. However, this finding of fact will avail plaintiff bank naught since not only was notification of its error in payment to the defendant bank not made within the time prescribed by statute (24 hours), but also payment of the subject note was not revocable, because of the failure of plaintiff bank to dispatch the same within the same prescribed time. (Vide Negotiable Instruments Law, § 350-b, subds. 1, 2, 3.)
Plaintiff bank also invokes subdivision 4 of section 115 of the Negotiable Instruments Law, which provides- that “ Every person negotiating an instrument by delivery or by a qualified indorsement, warrants: ■ * * * That he has no knowledge of any fact which would impair the validity of the instrument or render it valueless.”
The fact that the second note was returned for “ insufficient funds ” and the third for “ account closed” did not ipso facto impair the validity of the subject note or render it valueless. There can .be no question but that the instrument uTas genuine and was in-all respects what it purported to be. (Vide Gabay v. Doane, 66 App. Div. 507; also Littauer v. Goldman, 72 N. Y. 506.)
Plaintiff bank contends that maker’s assignment for the benefit of creditors before the maturity date of the subject note impaired its validity and rendered it valueless.
Assuming, arguendo, that the invoked statute can be construed so as to include as a warranty the fact contended by plaintiff bank, it cannot be denied that the defendant bank warranted against its own knowledge of invalidity and not against the fact of invalidity. (Vide Queensboro Nat. Bank v. Kelly, 48 F. 2d 574 [C. C. A. 2d, 1931].) Plaintiff bank seeks to charge defendant bank with knowledge of the maker’s assignment for the benefit of creditors on March 12, 1963 .by its failure to deny paragraph 1 of the plaintiff bank’s notice to admit. But defendant’s failure to deny the fact that the maker of the note did in fact execute such an assignment does not necessarily mean that *75 defendant bank had such knowledge before it delivered the subject note to the plaintiff bank for collection. (Vide CPLR 3013, 3213.)
So that if the proof in this case entitles the plaintiff bank to any kind of relief, the court has the power, by amendment or otherwise, to accommodate the pleadings to allow a cause of action that has been proved. (Vide Farano v. Stephanelli, 7 A D 2d 420; Vide Small v. Kronstat, 175 Misc. 626; Moen v. Thompson, 186 Misc. 647; also Civ. Prac. Act, § 111, promulgated in part by CPLR 3017, subd. [a].)
Under the provisions of subdivision 3 of section 193-a of the Civil Practice Act, presently reflected and promulgated by CPLR 1008 in part (cf. CPLR 3017, subd. [a]), a plaintiff may assert against the third-party defendant any claim he may have pleaded against said third-party defendant had he been joined originally as a defendant. There is no limitation of time within which such claim may be entertained. (Vide Aprea v. City of New York, 11 Misc 2d 645.)
Under these circumstances, the third-party defendant becomes . a party to the action both as to the claim asserted by the third-party plaintiff and as to the cause of action asserted by plaintiff against the third-partv plaintiff. (Vide Jacobs v. Driscoll, 78 N. Y. S. 2d 813.)
The object of this section is to avoid circuity of actions (Matter of Valstrey Serv. Corp. v. Board of Elections, Nassau County, 2 N Y 2d 413) and to avoid multiplicity of litigation and to determine ultimate rights of all parties in one trial (Galka v. City of Albany, 285 App. Div. 27) as well as to promote consistency in determinations of related claims involving common questions of law and fact in the furtherance of liberal procedural facilities whose legitimate purposes shall be furthered rather than restricted by the courts (Champlain Creameries v. Hovey, Santer & Co., 141 N. Y. S. 2d 271; Ammann & Whitney v. Edgarton & Edgarton, 12 Misc 2d 119; vide, also, Coviello v. New York Life Ins. Co., 141 N. Y. S. 2d 626, affd. 286 App. Div. 1075).
In view of all the circumstances and the compositeness of the issues in this case and in the interest of justice, and further in view of the fact that an adjudication against the plaintiff bank herein would only result in litigation by the plaintiff bank against the third-party defendant, the court, actuated by the measure of identity reflected in the subject matter of both the prime and third-party complaints (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304), shall consider plaintiff’s cause of action as having been pleaded against the third-party defendant. This is done in the spirit of conforming to the liberal prac *76 tices promulgated by CPLE 3025 (subd. [el) and enunciated in Gorlin v. Master Constr. Corp. (15 Misc 2d 1) and also in the exercise of due discretion, the latter having been defined as a liberty or privilege to decide and act in accordance with what is fair and equitable under the peculiar circumstances of a particular ease, guided by the spirit, principles and analogies of the law. (Vide Gielski v. State of New York, 3 Misc 2d 578; McMahon v. State of New York, 173 Misc. 1004, affd. 261 App. Div. 879; also Haas v. Brown, 282 App. Div. 916.)
The third-party defendant cannot be prejudiced by the exercise of this discretion since it actively participated in the trial and offered proof to substantiate its claimed defense of prejudice.
It contends that payment of the subject note and the belated action on plaintiff’s part to apprise it of its mistake have prejudiced it with respect to whatever rights it might have had or might have exercised against the maker of the note. The 24-hour limitation of notice, aforesaid, can be invoked by defendant bank alone as immediate transferor of the subject note and not by the payee, third-party defendant.-
There can be no doubt but that plaintiff bank was responsible for knowing the status of the maker’s account before it paid the subject note. It must assume legal obligation for making this payment and, if the third-party defendant was in any way prejudiced by plaintiff bank’s error, it must sustain the loss.
The court finds from all the evidence and documentary proof that the third-party defendant had been apprised by the defendant bank before the maturity date of the subject note of the dishonor of both the second and third notes as aforesaid. The third-party defendant adduced testimony to the effect that it had delivered note No, 2 and note No. 3 to its attorney for collection in May, 1963. Not only is the record strangely silent as to the outcome of this litigation but also there was nothing to prevent the third-party defendant from delivering the subject note to its attorney for collection at the same time it delivered note No. 2 and note No. 3.
Thus, its defense of prejudice is refuted by inadequacy and insignificance of the proof submitted in substantiation thereof. In the absence of such prejudice and under all the circumstances of this case, the court finds that plaintiff bank is entitled to judgment against the third-party defendant in the sum of $466.83, with interest from April 8,1963, and costs.
Plaintiff’s complaint against the defendant is dismissed, with costs. Third-party complaint is also dismissed.
All undisposed of motions made during the course of the trial are disposed of in accordance with this decision.