THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* 20 EAST 74TH ST. CORP. and SAMUEL MINSKOFF, Defendants.

City Magistrate's Court of New York, Borough of Manhattan, February 24, 1947.

*Irving S. Paulson* for defendant.

*Nathaniel L. Goldstein, Attorney-General* (*Anthony Mauriello* of counsel), for plaintiff.

THOMPSON, M. The State of New York by a safety inspector of the Department of Labor, has charged the codefendants herein with thirteen violations of section 241-a of the Labor Law and rules 23–8.7 and 23–8.8 of the Industrial Code (3 Official Compilation of Codes, Rules and Regulations of State of New York, p. 683), all arising out of the construction and erection of a multiple dwelling at 20 East 74th Street in the borough of Manhattan, city and State of New York. Said law and rules require planking over floor openings, erection of guardrails and provision of stair treads and hand railings under certain conditions, depending on the progress of the building operation.

It is the defendants' contention that said provision of the Labor Law and the rules of the Industrial Code are not

enforcible by the Department of Labor within the city limits and that the rules of the City Board of Standards and Appeals which cover the same subject matter prevail exclusively in such cases. In support of such contention, the defendants moved before trial to dismiss the complaint for lack of jurisdiction. It is the State's contention that the Department of Labor has concurrent jurisdiction with the city authorities in the enforcement of such provision of law and rules and that said Labor Law and rules of the Industrial Code do prevail concurrently within city limits. On such motion, decision has been reserved.

During the past three decades many of the powers of enforcement of the provisions of the Labor Law and any rules and regulations duly made thereunder have been delegated to the heads of various departments of the City of New York where such enforcement applies to premises located within city limits. These powers of enforcement have been broadened, contracted and amplified from time to time by home rule statutes, particularly with respect to the Department of Housing and Buildings, the Fire Department, the New York City Board of Standards and Appeals and their predecessors in title and function, though not similarly named.

An examination of the following statutes is completely revealing in this regard.

Generally speaking, before 1916, the Department of Labor of the State of New York had extensive jurisdiction over the enforcement of the provisions of the Labor Law and other laws relating to the construction and alteration of buildings within the city of New York. However, a substantial amendment was made to the Greater New York Charter (L. 1901, ch. 466) in chapter 503 of the Laws of 1916, and, by such law (adding § 718 *et seq.*) there was established in and for the city of New York, a Board of Standards and Appeals, and, pursuant to that statute, said board had jurisdiction to (§ 718-a) : " 3. Make, amend and repeal rules and regulations regarding the enforcement of those provisions of the Labor Law and other laws which *relate to the construction, alteration, structural changes in,* plumbing and drainage of, elevators, fire escapes on, adequacy and means of exit from and fire alarm systems in all buildings, except tenement houses, within the city of New York.

" All rules and regulations made by the board pursuant to this section, *shall take the place of the industrial code and of any rules or regulations of the labor department relating to the same subject matter.*

" 4. Exercise *exclusively* with respect to buildings situated in the city of New York, the same powers as are conferred upon the industrial commission by chapter seven hundred and nineteen of the laws of nineteen hundred and fifteen." (Italics supplied.)

Said chapter 719 of the Laws of 1915 enacted a new section of the Labor Law, numbered 52-a and, under said section, the Industrial Commission of the Department of Labor which had been established by chapter 674 of the Laws of 1915 was given power to vary any provision of that chapter, if there be practical difficulty or unnecessary hardship in carrying out any provision of the chapter or any rule or regulation adopted by said board, affecting construction or alteration of buildings, exits therefrom, the installation of fixtures and apparatus, or the safeguarding of machinery and prevention of accidents. Said variations were applied to all buildings wherein similar conditions existed.

Thus, by superseding and definite language, the afore-mentioned powers were exclusively transferred from the State Industrial Commission to the City Board of Standards and Appeals and it must be significantly noted that the statute made particular reference to the prevention of accidents.

Chapter 503 of the Laws of 1916 (amdg. Greater New York Charter, § 406) also gave to the Superintendent of Buildings within each borough of the city of New York " * * * exclusive jurisdiction and charge, subject to and in accordance with the general rules and regulations to be established by the board of standards and appeals, of the construction, alteration, structural changes in and removal of buildings * * * erected or to be erected * * *. Each superintendent of buildings shall have *exclusive jurisdiction to require that the construction and alteration of all buildings hereafter constructed or altered shall conform to such provisions of the labor law and other laws as may be applicable thereto and shall also have power to enforce in his borough the laws relating to the protection of persons employed in the construction, alteration, or removal of buildings or structures * * *.*" (Italics supplied.)

A further example of the transfer to the city of the enforcement of other provisions of the Labor Law may also be found in chapter 503 of the Laws of 1916 (amdg. Greater New York Charter, § 774). Therein the Fire Commissioner of the City of New York was given power to enforce all laws and ordinances in respect of: " 4. The means and adequacy of exit, in case

of fire, as provided in the labor law * * *. The powers conferred upon the fire commissioner by this section are exclusive of the department of labor, and such department *shall not exercise any of such powers in the city of New York."* (Italics supplied.)

The afore-mentioned sections remained relatively unchanged (except as to numerical designation) until the adoption of the New York City Charter in 1938. Great amplification was also made by the adoption of the Administrative Code in 1937. In some respects the 1938 charter further amplified such powers and in other respects it further restricted such powers. More specifically, with reference to the Board of Standards and Appeals, the new charter provided in section 666: " The board shall have power: * * * (3) To make, amend and repeal rules and regulations for the enforcement of those provisions of the labor law and other laws which relate to the construction, alteration, structural changes in, plumbing and drainage of, elevators in, fire escapes on, adequacy and means of exit from and fire protection in all buildings within the city, which shall take the place of the industrial code and of any rules and regulations of the department of labor of the state of New York relating to the same subject-matter.

" (4). To exercise exclusively with respect to buildings situated within the city, *the same powers as are exercised by the department of labor of the state of New York elsewhere in the state."* (Italics supplied.)

Specifically with reference to the Department of Housing and Buildings, subdivision a of section 643 of said new Charter provides: " Except as otherwise provided in this charter or by statute, the department [Housing and Buildings] shall enforce the multiple dwelling law, the labor law and such other laws, rules and regulations as may govern the construction, alteration, maintenance, use, occupancy, *safety,* sanitary conditions, mechanical equipment and inspection of buildings or structures in the city, and shall have charge of removal of buildings * * *." (Italics supplied.)

Subdivision a of section 645 further amplifies the power of that department by providing that: " * * * the [borough] superintendent shall have *exclusive power,* which shall not be subject to review except by the board of standards and appeals as provided by law * * * (2) to require that the construction or alteration of any building or structure shall be in accordance with the provisions of law and the rules, regulations and orders applicable thereto * * *."

It is apparent from a reading of the foregoing sections of the New York City Charter (1938) that the powers of enforcement of laws relating to construction and the safety of employees engaged therein were substantially broadened and it is here held that such powers thereby became exclusive.

With respect to the powers of enforcement of the Fire Commissioner, the last paragraph of section 774 of the old Greater New York Charter which declared that the Department of Labor *shall not exercise any of such powers in the city of New York* was not carried over into the new City Charter in 1938 (see § 488). All of which, thereby restored concurrent jurisdiction to the State.

Pursuant to the authority given the City Board of Standards and Appeals by section 666 of the New York City Charter, that board adopted rules for the erection, alteration, repair, excavation for and demolition of buildings, and said rules were duly published and became law within the city of New York, effective December 13, 1943. At a public hearing before such adoption, the State authorities were heard at length in objection and reference was made in such objection to opinions of the Attorney-General on related matters. (See 35 N. Y. St. Dept. Rep. 260, and 48 N. Y. St. Dept. Rep. 413.) The matter was referred to the corporation counsel for opinion and it was after such opinion was made that the rules were adopted (see opinion of corporation counsel, Sept. 9, 1943). This opinion held that the board had " exclusive jurisdiction in the matter, including the protection of the public and persons engaged in the work involved."

The New York City Board rules in purpose and scope applied to all structures or any parts thereof, coming within the purview of the Administrative Code and the Labor Law and were adopted to enforce and *supplement the then present requirements of the Labor Law in relation to the erection, alteration, repair, excavation for and demolition of buildings within the City of New York, and the protection of the public and persons engaged in the work involved.* It is undisputed that the Department of Housing and Buildings is the only agency which can enforce the provisions of said rules.

By way of contrast to the enlargement of the enforcement powers granted to the City Board of Standards and Appeals and the Department of Housing and Buildings in recent laws, the situation concerning the enforcement powers of the Industrial Commissioner and the State Board of Standards and

Appeals (successor to the Industrial Commission) has remained relatively unchanged. Section 21 of the Labor Law defines the powers of the Industrial Commissioner and section 27-a defines the general powers of the State Board of Standards and Appeals. The rules of this latter board form a great part of the Industrial Code and it is with the violation of two sections of such rules that these defendants have been charged.

An examination of the State rules relating to the erection, repair or demolition of buildings and the City Board of Standards and Appeals rules relating to the same subject matter, reveals that they are coextensive and that the latter, even to a greater degree, cover the same subject matter. It must then be fairly held that the city rules, adopted pursuant to section 666 of the Charter, must take precedence over the State rules, if the former be valid. In the definite charter language used by the people of the city, clear and simple meaning should be found. If it cannot be found, then there would have been no reason to change the language of subdivision 4. The only fair and pragmatic view of the change appears to be that the Charter Revision Committee took the state of the law as it existed in 1938, with reference to the city home rule statutes and the powers of self-government delegated to the city under the various amendments, and expressed them in clear, unequivocal, exclusive language. Of necessity, this must be the interpretation, if duplication in inspections, orders, violations, and so on, between State and city departments is to be reduced to a minimum in building construction, alteration and demolition. It must also be the interpretation, if the rights of men working in such endeavors are to be accurately stated and protected. At a time when a great period of expansion in the building industry is imminent, it is most desirable and indispensable that persons engaged in industry be regulated by rules and laws which are definite, and certainly there should be no possibility for conflicting State and city rules. By virtue of conditions which may peculiarly exist within the city of New York, variations by way of additional rules or even lesser requirements may be adopted by the city board. In such cases, the rights and remedies of an employer or a worker in such industry will be uncertain and at times placed in jeopardy by a conflict of laws. Applying the rule of reason, therefore, that the people of the city meant just what they said when (pursuant to chapter 867 of the Laws of 1934) they gave to the city board power to " exercise exclusively, with respect to buildings situated within the city, the

same powers as are exercised by the department of labor of the state of New York elsewhere in the state ", it must be concluded that only the city rules prevail within the city limits.

Furthermore, subdivision 3 of section 666 gives additional credence to this conclusion. I believe that the people, by the 1938 charter, intended to give to the city government complete jurisdiction over the erection, alteration and demolition of buildings within the city of New York, including the protection of persons engaged in such work. Certainly the protection of such persons is a vital part of either construction or demolition. It is an integral part which is hardly or measurably severable. The guardrail is as much a part of a carpenter's job as is the building of concrete forms or a watchman's shanty or the framing of a door or closet.

Inasmuch as the structural requirements are only found in the Administrative Code of the City of New York and the Labor Law, and are only enforcible by city authorities, they should have exclusive power to enforce all rules forming integral parts thereof.

Any contention that the provisions of the Labor Law do not apply to buildings within the city of New York is without merit. (See *Semanchuck* v. *Fifth Ave. & 37th St. Corp.*, 290 N. Y. 412 [1943].) The law as amplified by city rules applies but the enforcement of it is by city authority and not by State authority. Certainly if the city board has power to vary the State Labor Law and make rules amplifying the provisions of such law within the city of New York and such power is exclusive, the enforcement of such requirements is a matter of city jurisdiction alone.

Reported precedent on the jurisdictional question of enforcement within city limits appears to be nonexistent.

Section 242 of the Labor Law provides that " The [industrial] commissioner and the chief officer charged with the enforcement of building laws of any city, town or village shall enforce this article [Labor Law, art. 10]." It has been urged by the State that such section concurrently empowers the Department of Labor with enforcement of article 10 and the State rules made thereunder within the city of New York. In the face of the lawful adoption of the city rules, it must be held that section 242 is in the disjunctive, rather than conjunctive, and it means merely that the city officer shall enforce those provisions within the city limits, and the Industrial Commissioner shall enforce said provisions without the city.

The contention by the State that this motion is untimely is additionally without merit. The defendants have not contested the validity of the law or rules. They merely contend that such rules are superseded by city rules within city limits and, as such, may not be enforced by the Department of Labor. This is jurisdictional and such an objection is timely.

Accordingly the motion to dismiss for lack of jurisdiction is granted.