Benjamin Brenner, J.
Plaintiff, a plumber, claimed to have sustained an eye injury from a protruding wire in a newly constructed foundation wall, and, after receiving an injection of tetanus antitoxin, became ill with serum poisoning, technically described as allergy poly-arthritis. The jury found in the sum of $20,000 against the general contractor and the subcontractor for actionable negligence and for violation of subdivisions 6 and 7 of section 241 of the Labor Law and the applicable rules of the New York City Board of Standards and Appeals.
One of the grounds claimed for setting the verdict aside is that the court permitted, on its own motion, an amendment of the pleadings to conform to plaintiff’s proof of violation of the applicable statute and rules. Plaintiff’s bill of particulars had cited certain rules of the State Industrial Board as having been violated. Such a pleading has the effect of a pleading that there has been a violation of the Labor Law provisions enacted for the protection of workers on the job. (Martin v. Herzog, 228 N. Y. 164; Rufo v. Orlando, 309 N. Y. 345.) The question is: Was an erroneous pleading of inapplicable State rules instead of applicable rules of the New York City Board of Standards and Appeals fatal to plaintiff’s cause? I think not. The building construction here involved was located in the City of New York and is, by virtue of subdivisions 3 and 4 of section 666 of the New York City Charter, exclusively controlled by the city rules (N. Y. C. Corporation Counsel, Op. No. 20089, Sept. 29, 1943; People v. 20 East 74th St. Corp., 188 Misc. 488). In my view the error did not materially alter the plaintiff’s theory, namely, that defendants violated an affirmative nondelegable duty imposed by statute and designed for the protection of human life. The defendants claimed no surprise. They suffered no prejudice by virtue of the court inspired amendment of the pleading during trial because there was no substantial departure from plaintiff’s original theory of liability (Helfhat v. Whitehouse, 258 N. Y. 274; Civ. Prac. Act, § 434).
*3 The jury having specifically found that the defendant Lake-view violated section 241 of the Labor Law, such finding thereby established that the defendant is “ per se an active tort-feasor * * * [who] cannot have a cause of action in negligence against a joint tort-feasor” (Rufo v. Orlando, supra, p. 350; Walters v. Rao Elec. Equipment Co., 289 N. Y. 57; Semanchuck v. Fifth Ave. & 37th St. Corp., 290 N. Y. 412). The cross claim of Lakeview against Master is therefore dismissed.
As to Master’s third-party suit for malpractice against the City of New York, plaintiff testified that though he previously had received other injections, he had never before suffered from any allergic effects. This uncontroverted evidence renders futile Master’s claim that the city hospital doctor was remiss in failing to make inquiry as to a possible history of allergy. Plaintiff further testified that the hospital doctor had administered a scratch test prior to the injection, which indicated no hypersensitivity and which, according to plaintiff’s own doctor may have indicated only a mild reaction. All this established the application of good medical practice on the part of the hospital doctor. The evidence presented by Master is therefore barren of any showing of the doctor’s lack of reasonable degree of learning and skill ordinarily possessed by physicians in the locality.
According to plaintiff’s medical testimony a percentage of allergic reactions to tetanus antitoxin are to be expected though they are usually of temporary nature. Thus, in view of the overriding emergency presented of possible tetanus infection from a punctured wound, the administration of the antitoxin was, according to the evidence, the accepted practice. Indeed, a failure to administer it, regardless of the possibility of allergic reaction, might be medically unsound and reprehensible (Gerber v. Day, 119 Cal. App. 446). The doctor was therefore compelled to risk a possible allergic reaction in the absence of any clearly positive indication from the scratch test. In the light of Pike v. Honsinger (155 N. Y. 201) and, absent evidence against the medical practice complained of (Gielski v. State of New York, 3 Misc 2d 578), the City of New York is entitled to a directed verdict as to Master’s third-party cause for malpractice.
Turning now to the verdict, the findings of common-law negligence and of violation of section 241 of the Labor Law rest on substantial evidence in the record, though I find it difficult to believe plaintiff’s version that he sustained his initial eye injury in the manner claimed and for which this rather tardy suit was commenced. However, the jury found the evidence *4 credible on this score and such conclusion is binding on the court (Stein v. Palisi, 308 N. Y. 293).
The evidence does not establish that plaintiff’s condition is solely the consequence of the tetanus antitoxin. On the contrary, plaintiff had complained of similar symptomology which, at least in part, could be ascribed to an ind.epend.ent injury sustained prior to the eye injury. Moreover, the hospital record following the eye injury discloses that plaintiff’s trouble could not be diagnosed. The record even includes competent medical proof to the effect that plaintiff’s malady may be unrelated to the antitoxin. Hence, while the defendants are answerable for all the consequences that ordinarily and naturally ensue from the initial eye injury (Steitz v. Gifford, 280 N. Y. 15), plaintiff has, at most, shown that the antitoxin is but one of several causes of his present condition. Finally, his major complaint, that he cannot flex his fingers, is a condition which has not materially interfered with his work as a plumber nor substantially reduced the use of his hands. In these circumstances, I believe the verdict to be excessive.
The verdict is set aside and a new trial granted as to plaintiff’s claim only unless plaintiff consents to accept a reduced verdict of $10,500 within 30 days from the date hereof, in which case the motion to set the verdict aside is denied. All other motions made during and after trial are denied except as disposed of herein.