John M. Murtagh, J.
This a motion by plaintiff, the Commissioner of Welfare of the City of New York, for an order pursuant to CPLR 3211 (subd. [b]) and 3212 dismissing the affirmative defense of defendant Manufacturers Hanover Trust Company (hereinafter “ Manufacturers ”) and granting summary judgment against all the defendants herein. Manufacturers cross-moves pursuant to CPLR 3211 (subd. [a], par. 7) and 3212 for summary judgment dismissing the amended complaint as against it.
The amended complaint served on May 20, 1967, pleads two causes of action. The first cause of action is one for peculation against the individual defendants herein (hereinafter “ depositors ”) but alleges no personal liability on the part of Manufacturers. The second cause of action alleges that on September ,20, 1966, Manufacturers was duly notified of an adverse claim *1053 to funds then on deposit in defendant depositors’ accounts, was under a duty to restrain these accounts until determination of the adverse claim, and that Manufacturers breached that duty by permitting withdrawals and is therefore liable to plaintiff in the full amount of his claim against defendant depositors.
Manufacturers’ verified answer denies that it had ever been duly notified of any adverse claim to defendants’ accounts, but admits that it received a printed form of summons with notice on September 20, 1966, and a letter dated September 9, 1966. The answer further sets forth an affirmative defense that as of the date of its answer plaintiff has failed to serve Manufacturers with any restraining order, injunction or other appropriate process in accordance with subdivision 5 of section 134 of the Banking Law, applicable to trust companies such as Manufacturers, which provides: “ Notice to any bank or trust company of an adverse claim to any property * * * shall not be effectual to cause said bank or trust company to recognize said adverse claimant unless said adverse claimant shall also either procure a restraining order, injunction or other appropriate process against said bank or trust company from a court of competent jurisdiction in the United States in a cause therein instituted by him [the adverse claimant] wherein the person to whose credit the deposit stands * * * is made a party and served with summons, or shall execute to said bank or trust company [a bond or indemnity satisfactory to protect said bank or trust company].” (Emphasis supplied.)
Subdivision 5 of section 239 of the Banking Law, which is applicable to savings banks, is virtually identical to subdivision 5 of section 134.
It is alleged in the answer (and plaintiff admits) that the letter, which Manufacturers received with the summons, merely summarized the nature of the action against defendant depositors, stated that no direct liability was sought against Manufacturers and that it need not answer or appear until further notification from plaintiff. Plaintiff also concedes that it was not until March of 1967 that plaintiff informed Manufacturers that he considered the summons with notice a stop-payment order. Nothing in the communications between plaintiff and Manufacturers, prior to March, 1967, indicated in any way that defendants’ accounts were restrained or that plaintiff authorized, or could authorize, their restraint. Moreover, it is clear that at no time has plaintiff sought or procured any process from any court restraining or enjoining these accounts.
It appears from plaintiff’s moving papers that he bottoms this motion on the contention that his service of a summons *1054 with notice constituted “ other appropriate process ” and that Manufacturers was obligated thereby to stop payment on the accounts of defendant depositors. Such contention is wholly without merit.
The mere assertion of a claim to any part of a deposit does not permit a bank to recognize the validity of that claim (Banking Law, § 134, subd. 5; 622 West 113th St. Corp. v. Chemical Bank N. Y. Trust Co., 52 Misc 2d 444; Weiskopf v. Weiskopf, N. Y. L. J., April 27, 1959, p. 14, col. 5). The afore-mentioned sections explicitly state that a trust company or savings bank need not give any effect to a notice of an adverse claim unless the adverse claimant ‘ ‘ procures * * * from a court of competent jurisdiction” a restraining order, injunction or other appropriate process. As stated by Mr. Justice Di Giovanna in Weiskopf v. Weiskopf {supra): “ The words ‘ other appropriate process ’ obviously refer to a restraining order, other injunction or some similar order in a ‘ court of competent jurisdiction ’ where other forms of process are used to effectuate a temporary injunction other than those known in this court as a ‘ restraining order ’ or ‘ injuction order ’. It is inconceivable that it was ever intended that a summons alone would have that effect” (emphasis supplied).
It is a further requirement of subdivision 5 of section 134 and subdivision 5 of section 239 that at the time such restraining order, injunction or other appropriate process is secured from a court of competent jurisdiction, a cause of action must have been instituted therein by the adverse claimant against the person to whose credit the deposit stands and such person must have been made a party and served with a summons. Plaintiff concedes in his papers that defendant depositors were not served with summons herein until more than two months after plaintiff claims Manufacturers was served with “ other appropriate process ” on September 20, 1966 (cf. Weiskopf v. Weiskopf, supra). Thus, it is clear that plaintiff has made no attempt to comply with subdivision 5 of section 134 and subdivision 5 of section 239.
Plaintiff suggests that in some unexplained manner OPLR 2512 relieves him of complying with subdivision 5 of section 134 and subdivision 5 of section 239 of the Banking Law. There is no basis in fact for such an argument.
CPLR 2512 provides that: ‘ ‘ Any provision of law authorizing or requiring an undertaking to be given by a party shall be construed as excluding * * * a [municipal1] corporation, which municipal corporation [or officer] shall, however, be liable for damages * * * in an amount not exceeding an amount *1055 which shall be fixed by the court whenever it would require an undertaking of a private party ” (emphasis supplied).
It is undisputed that plaintiff has failed to secure an order of a court fixing the amount of damages for which he could be liable under subdivision 5 of section 134 and subdivision 5 of section 239 of the Banking Law. In such circumstances and in view of the foregoing, it is patent that plaintiff’s attempt to restrain defendant depositors’ accounts was ineffective. Accordingly, the cross motion by Manufacturers to dismiss the complaint as against it and for summary judgment is granted.
As to the remaining defendants herein, it appears that the funds to which plaintiff lays claim (by reason of the fact that moneys were expended by the Department of Welfare towards the hospital care of their decedent) have been applied to the medical care and maintenance of one of the defendants (decedent’s wife). The other defendant (decedent’s daughter) appears to have acted with respect to these sums merely as a bookkeeper in behalf of her mother; and it further appears that she has offered to turn over to plaintiff whatever sums she so holds. As such, said defendant would seem to be solely a stakeholder in this action. In these circumstances, a question of fact arises with respect to the serious charge of peculation made here, which issue should await searching inquiry by trial. The instant motion is therefore denied in all respects.