■ THEOPHILUS ISEGHOHI, Doing Business as MATTHEJ INTERNATIONAL ENTERPRISES, Appellant, v CHASE MANHATTAN BANK, Respondent. — In an action to compel the return of the proceeds of certain checks, plaintiff appeals from a judgment of the Supreme Court, Kings County (Rigler, J.), entered February 24, 1984, which dismissed the complaint, following a nonjury trial.

Judgment affirmed, with costs.

During October, 1981, plaintiff deposited six checks, drawn by Mercantile Bank of Nigeria Limited on its account at defendant Chase Manhattan Bank, NA, and made payable to various American universities, into his personal account also maintained at Chase. Plaintiff had brought these checks to the United States from Nigeria and signed the names of the payees without their authority. After Chase discovered the forged indorsements, plaintiff was directed to ask Mercantile for authorization for him to obtain the proceeds of the checks. Plaintiff advised Chase that he had written the names of the payees on the backs of the checks as a means of taking money out of Nigeria.

Following the receipt of an ambiguous letter from Mercantile, Chase wired Mercantile and asked for instructions. In accordance with those instructions, Chase credited Mercantile's account in the amount of the checks.

Mercantile tried to return the funds to plaintiff in Nigeria. Plaintiff has apparently chosen not to accept that offer, commencing this action instead.

Review of the record establishes that Trial Term correctly found no liability on Chase's part. Plaintiff breached his transfer warranties when he indorsed the payees' names on the checks without authority (see Uniform Commercial Code, § 3-417; White & Summers, Uniform Commercial Code [2d ed], § 15-5). Accordingly, Chase had the right to apply the money in plaintiff's account in satisfaction of its obligation incurred on account of that breach (Uniform Commercial Code, § 4-213, subd [4]; White & Summers, *op. cit.,* § 14-5, pp 558-559; Ann., 18 ALR3d 1376, §§ 6, 7; cf. *622 West 113th St. Corp. v Chemical Bank,* 52 Misc 2d 444). Nor is Chase obligated to pay interest to plaintiff for funds that were not legally his and for a time during which it

was relying upon plaintiff's representation that authorization for him to receive the proceeds would be supplied. Titone, J. P., Weinstein, Rubin and Boyers, JJ., concur.