Russell T. LUND, Jr., Lund's, Inc., and Wardwell M. Montgomery, Plaintiffs,

v.

CHEMICAL BANK, Defendant.

CHEMICAL BANK, Defendant and Third–Party Plaintiff,

v.

LAIDLAW ADAMS & PECK, INC., Third–Party Defendant.

No. 84 Civ. 1621 (RWS).

United States District Court, S.D. New York.

Nov. 25, 1987.

Parker, Chapin Flattau & Klimpl, New York City, for plaintiff Wardwell M. Montgomery; Stephen G. Rinehart, of counsel.

Kenneth J. Kelly, Asst. General Counsel, New York City by Thomas W. Cullen, Sr. Counsel, for defendant.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for third-party defendant; Jonathan C. Thau, Lawrence G. Nusbaum, III, of counsel.

Fredrikson & Byron, P.A., Minneapolis, Minn., Dorsey & Whitney, New York City, for plaintiffs Russell T. Lund and Lund's, Inc.; Jerome B. Peterson, Ted S. Meikle, Minneapolis, Minn., Richard L. Bond, James R. Kahn, New York City, of counsel.

## OPINION

SWEET, District Judge.

All parties have moved for reconsideration of the opinion of June 15, 1987, 665 F.Supp. 218 ("June 15 Opinion"), familiarity with which is assumed. Plaintiff Russell T. Lund, Jr. ("Lund") and Lund's Inc. ("Lund's Inc.") have moved pursuant to Fed.R.Civ.P. 59(e) for an order directing that final judgment be entered on the Lund's Inc. check for $400,000.00 and the Montgomery/Karki check for $46,056.00 and for reconsideration of the grant of summary judgment in favor of defendant

Chemical Bank ("Chemical") on the Lund/Rubin check for $716,946.00. Chemical and third-party defendant Laidlaw Adams & Peck, Inc. ("Laidlaw") oppose plaintiffs' motion and have moved pursuant to Fed.R.Civ.P. 59 and 60 to vacate the grant of summary judgment in favor of plaintiffs on the Lund's Inc. and the Montgomery/Karki checks. Plaintiff Wardwell M. Montgomery ("Montgomery") has opposed the motions of Chemical and Laidlaw for reconsideration. Finally, Chemical has moved against Laidlaw for indemnification and attorney's fees.

Oral argument was heard on the motions for reconsideration on September 25, 1987. Thereafter, the parties were permitted to submit additional materials in support of their positions. For the reasons set forth below, the motions for reconsideration are denied and judgment will be entered pursuant to the June 15 Opinion. Chemical's motion for indemnification is granted.

**Timeliness of the Motions for Reconsideration**

None of the parties has timely moved for reconsideration under Civil Rule 3(j) of the Rules of the United States District Courts for the Southern and Eastern District Courts of New York ("Local Rules") which provides that a "notice of motion for reargument shall be served within ten (10) days after the docketing of the Court's determination of the original motion." Final judgment has not been entered on the June 15 Opinion. Thus, Lund's motion, filed July 13, 1987 is premature under Fed.R.Civ.P. 59(e), which permits a party to move to amend or alter a judgment within 10 days of the entry of the judgment, and untimely under Local Rule 3(j). The motions of Laidlaw and Chemical, filed August 18 and 20, 1987, respectively, are also premature under Rule 59(e) and do not fall within the categories of motions for relief from a final order that can be made within one year from the date the decision was entered. *See* Fed.R.Civ.P. 60(b)(1)–(3). Thus, the Laidlaw and Chemical motions also should

have been brought pursuant to Local Rule 3(j) under which they, too, would have been untimely.

■ Notwithstanding the foregoing, it would not be in the interest of justice or judicial economy to dismiss these motions at this time, for they would in all likelihood be renewed under Rule 59(e) following entry of final judgment. Therefore, the tardiness of the present motions is waived, and a decision on their merits follows.

**Standards for Reconsideration**

Local Rule 3(j) requires a party seeking reconsideration of a decision on a motion to set forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked." The purpose behind this rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Lewis v. New York Telephone,* No. 83 Civ. 7129, slip op. at 2 (S.D.N.Y. Jan. 29, 1986) [Available on WESTLAW, 1986 WL 1441].

**Lund's Motion for Reconsideration**

The heart of Lund's motion for reconsideration[1] is an objection to the June 15 Opinion's conclusion that he and William Rubin had formed a partnership with respect to the ownership of the Learjets for which the Lund/Rubin check was written. In his attempt to interpose genuine issues of material fact concerning the issue of whether or not a partnership existed, Lund has submitted affidavits in which he denies any intent to form a partnership with Lund. Lund also contends that because of his former attorney's negligence in not bringing to his attention the fact that Chemical and Laidlaw had raised the partnership issue as a defense in their cross-motion for summary judgment against him, he did not have a chance to present to the court at that time facts which he asserts are material to the partnership issue.

■ The facts set forth in Lund's affidavits do not alter the June 15 Opinion's

---

1. The remainder of Lund's motion seeks to relitigate issues—such as Lund's claim that because the Lund/Rubin check was payable to two individuals jointly, the partnership issue is irrelevant—that were considered and rejected in the June 15 Opinion.

conclusion that, as a matter of law, Lund and Rubin were a partnership with respect to the aircraft which they purchased jointly. In his affidavits, Lund states that he did not intend to form a partnership with Rubin and that, in all of his dealings regarding the aircraft, he was careful to avoid the appearance of a partnership. However, Lund has not offered new facts to contravene the prior findings that Lund and Rubin purchased the aircraft with the intent of sharing in profits derived from both investment tax credit and later on from gains realized on resale of the aircraft, that they co-signed debt instruments to obtain business loans and that together they maintained three separate "Jet Account[s]."

In sum, the new facts that Lund has adduced, even if taken as true, are not "such that a reasonable jury could return a verdict" in his favor on the partnership issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). Accordingly, Lund's motion to reverse the grant of summary judgment in favor of Laidlaw and Chemical on the Lund/Rubin check is denied.

### Defendants' Motions for Reconsideration

■ The motions of Chemical and Laidlaw seek to relitigate essentially the same issues that were decided in the June 15 Opinion: that is, (1) that plaintiffs lacked standing for their claims on the Lund's Inc. and Montgomery/Karki checks because the checks were never delivered to them; (2) that defendants should have been permitted to raise U.C.C. § 3–406 as a defense to plaintiffs' claims; (3) that Lund's Inc. should have been considered the "alter-ego" of Lund and, therefore, should have been precluded from recovery on the same grounds as Lund; and (4) that Montgomery is not entitled to the face amount of the Montgomery/Karki check under U.C.C. § 3–419. Although, as noted in the June

15 Opinion, the law is not free from ambiguity as to the first two points, neither defendant has directed the court's attention to controlling decisions that were overlooked in the June 15 Opinion.[2] Defendants' disagreement with the reasoning and conclusions of the June 15 Opinion alone is not enough to warrant a reversal of the prior opinion.

### Chemical's Motion for Indemnification

Chemical has moved for an order directing Laidlaw to indemnify Chemical for the amount of any judgment rendered against it in favor of Lund's Inc. and Montgomery, plus Chemical's costs and reasonable attorney's fees. As discussed briefly in the June 15 Opinion, Laidlaw's liability to Chemical has been established. Under U.C.C. 3–417(2)(b), Laidlaw is deemed to have warranted to Chemical that the signatures on the Lund's Inc. and Montgomery/Karki checks were "genuine and authorized" and is strictly liable to Chemical for a breach of that warranty. *See Iseghohi v. Chase Manhattan Bank*, 106 A.D.2d 491, 483 N.Y.S.2d 30 (2d Dep't 1984); *622 West 113th Street Corp. v. Chemical Bank New York Trust Co.*, 52 Misc.2d 444, 276 N.Y.S.2d 85 (1966). Laidlaw has not opposed Chemical's claim for indemnification.

Laidlaw has opposed Chemical's request for attorney's fees by noting an absence of authority in this Circuit on this point of law. However, U.C.C. § 4–207, which sets forth the measure of damages for a breach of U.C.C. § 3–417, provides that "[d]amages for breach ... shall not exceed the consideration received by the customer or collecting bank responsible plus finance charges and expenses related to the item, if any." Official Comment 5 to this section states that the "expenses referred to may in an appropriate case include attorney's fees."

In *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1316 (5th Cir.1980), the Court of

---

2. Chemical relies heavily on a recent decision by the Court of Appeals for the First Circuit in *Papex Intern. Brokers Ltd. v. Chase Manhattan Bank*, 821 F.2d 883 (1st Cir.1987), in which the Court held, on a matter of first impression under the law of Puerto Rico, that a payee who never received and never possessed checks that

were wrongfully paid on forged endorsements did not have standing to sue the collecting bank. That the Court in *Papex* came to a different conclusion after weighing, as this court did, the conflicting authority on the delivery issue is not sufficient cause to reverse the conclusion reached in the June 15 Opinion.

Appeals for the Fifth Circuit held that "a plaintiff who seeks indemnity for suits brought against him because of a breach of a warranty created by [U.C.C. § 4–207] is entitled to receive, as an element of damages, the attorney's fees expended in defense of the claim." In *Perkins State Bank*, as here, the indemnitee bank had paid a check over a forged endorsement. The drawee bank was held liable to the purchaser of the check for conversion. On the bank's claim to recover from the depository bank which had taken the check from the forger and presented it to the drawee for payment, the Court concluded that, despite the general rule strictly construing statutory awards of attorney's fees, the drawee bank could recover reasonable attorney's fees as part of the damages in its indemnity counterclaim against the depository bank. *Id.; see also Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 491 F.2d 192 (8th Cir.1974) (damages under U.C.C. § 4–207 include reasonable attorney's fees).

■ The decisions from the Courts of Appeal for the Fifth and Eighth Circuits are consistent with the purpose of § 4–207 to compensate fully the indemnitee for all losses and expenses resulting from the breach of warranty. Accordingly, Chemical's motion for indemnification, including costs and reasonable attorney's fees in defending the claims relating to the Lund's Inc. and the Montgomery/Karki checks is granted.

For the reasons set forth above, the parties' motions for reconsideration are denied. The parties are directed to submit judgment on notice pursuant to the June 15 Opinion. Chemical's motion for indemnification, including reasonable attorney's fees relating to its defense of the Lund's Inc. and Montgomery/Karki checks, against Laidlaw is granted. Chemical is directed to submit judgment on notice for its claims against Laidlaw.

IT IS SO ORDERED.