**PHILAN INSURANCE LTD., and Benodet Insurance Ltd., Plaintiffs,**

v.

**FRANK B. HALL & CO., INC., Frank B. Hall Re of New York, Inc., Frank B. Hall Re International, Inc., Frank B. Hall Re De Mexico, S.A., Rollins Burdick Hunter Co., Rollins Burdick Hunter of Bermuda, Ltd., Keough–Kirby Associates, Inc., Keough Kirby Re Ltd., Fielding Juggins Money & Stewart Ltd., trading as Fielding and Partners, PWS Marine Limited, Leonard Smith, Stephen Maloney, and Monroe Birnberg, Defendants.**

**No. 87 Civ. 4624 (RPP).**

United States District Court, S.D. New York.

Jan. 28, 1991.

Ohrenstein & Brown by Christopher B. Hitchcock, New York City, for plaintiffs.

Dannenberg, Hazen & Lake, New York City, for defendant Monroe Birnberg.

Carro, Spanbock, Kaster & Cuiffo by Ronald E. DePetris, New York City, for defendant Leonard Smith.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

In an opinion and order filed October 10, 1990 the Court dismissed the complaint in this action as against the corporate defendants but retained jurisdiction over federal and state claims against individual defendants Smith, Maloney and Birnberg. *See Philan Ins. Ltd. v. Frank B. Hall & Co.,* 748 F.Supp. 190 (1990). On October 24 and 29, 1990, respectively, defendants Smith and Birnberg moved for reargument under Local Rule 3(j).[1] For the reasons set forth below, defendants' motion to reargue is denied.

A motion for reargument should be directed to factual matters or legal authority which counsel believes was present during the motion but which the Court has overlooked. *See Heineman v. S & S Mach. Corp.,* [1989 Transfer Binder] Fed. Sec.L.Rep. (CCH) ¶ 94, 728 (E.D.N.Y. Oct. 2, 1989); *Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n, Inc.,* 624 F.Supp. 856, 857 (S.D.N.Y.1985).

Defendants Smith and Birnberg have failed to present any new factual matter or pertinent legal authority. Defendants' lack of grounds for the instant motion is amply demonstrated by the fact that (1) the only cases they cite are those pertaining to relief requested pursuant to 28 U.S.C. § 1292(b);[2] and (2) the only matters presented are portions of prior briefs on the underlying motion decided on October

---

1. Smith filed legal memoranda in support of the motion and in reply to plaintiffs' opposition; Birnberg filed no memoranda but instead relied on those submitted on behalf of defendant Smith.

   Defendant Maloney has not made an appearance in this action.

2. The Court declines to certify any issues in this action for immediate interlocutory appeal under 28 U.S.C. § 1292(b). Although "an immediate appeal from the order may materially advance the ultimate termination of [this] litigation," 28 U.S.C. § 1292(b), defendants have offered no authority demonstrating that there is "substantial ground for difference of opinion," *id.,* on the issues decided. *See Shipping Corp. of India, Ltd. v. American Bureau of Shipping,* 752 F.Supp. 173 (S.D.N.Y.1990).

10. It is apparent that defendants merely seek to relitigate the issues decided by the Court in its opinion of October 10, 1990. "Defendants' disagreement with the reasoning and conclusions of the [October 10] Opinion alone is not enough to warrant a reversal of the prior opinion." *Lund v. Chemical Bank*, 675 F.Supp. 815, 818 (S.D. N.Y.1987) (motion for reconsideration), *rev'd on other grounds*, 870 F.2d 840 (2d Cir.1989). Accordingly, defendant's motion to reargue and for other relief [3] is denied.

IT IS SO ORDERED.

---

**3.** The Notice of Motion filed by defendant Smith also requested an order dismissing Counts 1 and 2 of the Second Amended Complaint (RICO) pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted and Counts 3, 4, 5 and 8 pursuant to Rule 12(b)(1). Defendants' requests are denied for the reasons set forth in this Court's earlier opinion. *See Philan,* 748 F.Supp. at 195–99.